Filed 5/19/22  P. v. Chambers CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C093840 |
| Plaintiff and Respondent, | (Super. Ct. No. 20FE002948) |
| v. | |
| KEINYATEY DEBROS CHAMBERS, | |
| Defendant and Appellant. | |

Pursuant to a negotiated agreement, defendant Keinyatey Debros Chambers pled no contest to robbery (count one).  He agreed to enter this plea in exchange for dismissal of the remaining charges: an allegation that he personally used a firearm in the commission of count one (Pen. Code, § 12022.53, subd. (b))[1] and one count of possession of a firearm by a person convicted of a felony (count two).  His motion for dismissal of the remaining charges was apparently never ruled on orally by the court.

---

[1]  Undesignated statutory references are to the Penal Code.

1

On January 14, 2021, the court suspended imposition of judgment and sentence and placed defendant on probation for five years based on his robbery conviction.

On January 21, 2021, the court added a condition of probation that defendant submit his person, residence, vehicle, and property to search and seizure.

On appeal, defendant argues: (1) the clerk's minutes must be corrected to reflect the court's oral pronouncements with respect to fines and fees and probation conditions; and (2) count two and the firearm enhancement allegation with respect to count one must be dismissed. We agree with the People that the latter argument is not reviewable on appeal because imposition of judgment and sentence were suspended. As to defendant's first argument pertaining to clerical errors in the minutes, the People contend defendant's first notice of appeal was ineffective and his second notice of appeal was untimely as to fines and fees ordered on January 14. We will deem defendant's notices of appeal sufficient to address the clerical errors and will modify the oral pronouncement to impose the mandatory $40 court operations assessment pursuant to section 1465.8 and a $30 court facilities assessment pursuant to Government Code section 70373. We will direct the trial court to correct the minutes to reflect its oral pronouncements as modified. The judgment is otherwise affirmed.

## I. BACKGROUND

At the January 14, 2021 hearing, the court did not impose any fines or fees and specified victim restitution would be set at zero. The minute order for this hearing nonetheless states restitution would be determined and various fines and fees had been ordered by the court including a $900 restitution fine (§ 1202.4, subd. (b)); a $900 parole revocation restitution fine, suspended pending successful completion of parole (§ 1202.44); a $40 court operations assessment (§ 1465.8); a $30 court facilities assessment (Gov. Code, § 70373); a $25 criminal justice administration fee (former Gov. Code, § 29550.2); a $10 crime prevention fee (§ 1202.5); and a 20 percent state criminal fine surcharge (§ 1465.7, subd. (a)).

2

At the January 21, 2021 hearing, the trial court stated it was not authorizing flash incarceration. The minute order for this hearing nonetheless included flash incarceration as well as a section "1546 searchable" condition that was not mentioned by the trial court and subjected defendant to search of electronic storage devices. The court did not discuss or impose any fines or fees. The January 21 minute order repeated the statements from the January 14 minute order regarding restitution, fines, and fees, and added a requirement that defendant pay interest on any unpaid restitution (former § 1214.5, subd. (b)(2)).

On March 2, 2021, defendant filed pro per a notice of appeal identifying January 14, 2021, as the date of the order or judgment being appealed. He did not check the box stating the appeal was "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea." Instead, he checked the box stating "[o]ther basis for this appeal" and noting he was required to complete a request for a certificate of probable cause. He filled out the accompanying request, listing six "grounds going to the legality of" his no-contest plea. The court denied defendant's request for a certificate of probable cause on March 5, 2021, and none of the listed grounds have been raised on appeal.

On March 22, 2021, defendant filed pro per a notice of appeal of a January 21, 2021 order or judgment, noting this was the "probation modification date." Defendant checked only the box stating the appeal was "based on the sentence or other matters occurring after the plea that do not affect the validity of the plea."

## II. DISCUSSION

*A.    Appealability*

The People essentially concede the underlying merits of defendant's arguments but contend we cannot reach most of them in this appeal. Before we address the People's arguments pertaining to the adequacy of defendant's notices of appeal, we will address whether defendant's assertion that the trial court failed to dismiss count two and the

3

firearm allegation as to count one could have been appealed. Because we conclude the alleged error is not appealable, we need not address whether either notice of appeal was adequate to do so.

      *1.     Dismissal of Firearm Allegation and Count 2*

      On October 1, 2020, defendant pled no contest to robbery (count one) in exchange for dismissal of count two and the allegation that he personally used a firearm in the commission of count one. Defendant then moved to dismiss count two and the firearm allegation. The court took this motion under submission. On appeal, defendant argues these charges must be dismissed. Neither party addresses minute orders from October 1, 2020, and January 14, 2021, that state the balance of the charges were dismissed in the interests of justice. We infer the parties have implicitly agreed the court never orally ruled on the motion.

      Defendant cites *People v. Kirkpatrick* (1991) 1 Cal.App.4th 538, 542-543 for the assertion that the trial court is without authority to dismiss any charges now because the sentence has been " 'entered in the minutes,' " and therefore we must order the outstanding charges stricken. We agree with the People that *Kirkpatrick* is distinguishable because a sentence and judgment were imposed in that case and, here, imposition of judgment and sentence were suspended.[2] (*Id.* at p. 541.) The trial court thus still has jurisdiction to dismiss the remaining charges. (*People v. McKenzie* (2020) 9 Cal.5th 40, 46-48; *People v. Chavez* (2018) 4 Cal.5th 771, 789.) Additionally, we perceive no potential collateral consequence to defendant from the trial court's failure to orally dismiss count two and the firearm allegation. The court did not impose any sentence, probation, fines, or fees based on either charge, and the minutes reflect they

---

[2] Defendant did not respond to this argument.

have been dismissed. We conclude the trial court's alleged failure to dismiss count two and the firearm allegation is not currently appealable.

2. *Notices of Appeal*

We now turn to the appealability of defendant's assertion that the clerk's minutes must be corrected to reflect the court's oral pronouncements. The People argue defendant's first notice of appeal was ineffective because it did not state any ground for appeal that did not require a certificate of probable cause. They cite *People v. Mendez* (1999) 19 Cal.4th 1084, which relied on a former California Rule of Court to explain an appeal based solely on a so-called "noncertificate" ground " 'shall not be operative unless the notice of appeal states that it is based upon such grounds.' " (*Id*. at p. 1088, fn. 3.)[3] As we will explain, the applicable Rules of Court no longer specify defendant's first notice of appeal is inoperative because it did not state it was based on noncertificate grounds.

Under these rules, "[t]he notice of appeal must be liberally construed. Except as provided in [rule 8.304](b), the notice is sufficient if it identifies the particular judgment or order being appealed." (Rule 8.304(a)(4).) Defendant's first notice of appeal identified January 14, 2021, as the date of the judgment or order being appealed. Under rule 8.304(b), an appellant need not file a request for a certificate of probable cause to appeal from a no contest plea on grounds that do not affect the validity of the plea or admission. Defendant filed a timely notice of appeal that included a request for a certificate of probable cause but did not indicate that his appeal was also based on a noncertificate ground. In this circumstance, at the time the trial court denied the certificate of probable cause, the superior court clerk was required to then "mark the notice of appeal 'Inoperative,' notify the defendant, and send a copy of the marked notice

---

[3] Undesignated rule references are to the California Rules of Court.

of appeal to the district appellate project." (Former rule 8.304(b)(3).) The clerk did so. However, effective January 1, 2022, the rule merely provides that where "the superior court denies a certificate of probable cause, the appeal will be limited to issues that do not require a certificate of probable cause." (Rule 8.304(b)(3).) Thus, the applicable rules no longer specify any consequence for omitting a noncertificate basis for the appeal. This change was in effect when the People filed their respondent's brief and defendant filed a motion to correct his first notice of appeal by deeming it to reflect that his appeal is based on the sentence or other matters occurring after the entry of his plea. The People opposed the motion. We originally deferred ruling on the motion pending calendaring and assignment of the panel. We will now grant it.

To the extent there is some question about the effect of these rule changes on this appeal, as defendant notes, "[f]or good cause, a reviewing court may relieve a party from default for any failure to comply with these rules except for the failure to file a timely notice of appeal or a timely statement of reasonable grounds in support of a certificate of probable cause." (Rule 8.60(d).) Because defendant's initial notice of appeal was timely and he does not need a certificate of probable cause to raise his arguments pertaining to the January 14, 2021 hearing and minute order, we may relieve him from default for any failure to specify a noncertificate ground in his first notice of appeal. The People concede the second notice of appeal was timely as to the January 21, 2021 minute order and it "is subject to review to the extent that it did not accurately reflect the proceedings on January 21." The People contend defendant's arguments relating to fines and fees relate to errors that occurred at the January 14, 2021 hearing. The distinction is not so clear. The court never orally imposed any fines and fees on either January 14 or January 21, despite both minute orders reflecting the imposition of fines and fees. The January 21 order did not just repeat the fines and fees that were erroneously listed as imposed in the January 14 order, but added interest on any unpaid restitution. Further, the entire first page of the January 14 order has a line through it with the notation "Mod on 1/21/21."

6

We thus agree with defendant that there is some question as to whether the January 14 order has any effect. Under the circumstances, we conclude there is good cause to grant defendant's motion and deem his first notice of appeal sufficient for us to address his arguments regarding errors in the clerk's minutes. We will now do so.

B.      *Clerk's Minutes*

Defendant argues, and the People concede, that the clerk's minutes improperly reflect probation conditions and fines and fees that were never orally pronounced.

First, the January 21, 2021 minute order states defendant's electronic storage devices are searchable under section 1546 and defendant agrees to "flash incarceration." "The oral imposition of sentence constitutes the judgment in an action, and the minutes cannot add anything substantive to the oral pronouncement." (*People v. Bongani El* (2021) 65 Cal.App.5th 963, 967.) We accept the People's concession that the provisions in the January 21 order authorizing flash incarceration and searches of electronic storage devices under section 1546 should be stricken because neither were orally imposed by the court. (*People v. Zackery* (2007) 147 Cal.App.4th 380, 389.)

Second, none of the fines and fees reflected in the January 14 and January 21, 2021 minute orders were ordered by the trial court at either hearing. "Generally, the oral pronouncement controls if there is a discrepancy, and the court clerk lacks the authority to add fines or fees not imposed by the trial court." (*People v. Bongani El, supra*, 65 Cal.App.5th at p. 967.) As defendant notes, the $40 court operations assessment and the $30 court facilities assessment fee are mandatory. (§ 1465.8; Gov. Code, § 70373; *People v. Woods* (2010) 191 Cal.App.4th 269, 272-273.) We will correct the oral pronouncement of judgment to reflect the imposition of a $40 court operations and a $30 court facilities assessment. "As to the restitution fine, the situation is slightly different." (*Woods, supra*, at p. 273.) A restitution fine under section 1202.4 is mandatory unless the court "finds compelling and extraordinary reasons for not doing so and states those reasons on the record." (§ 1202.4, subd. (b)(1).) Where the trial court failed to orally

7

impose the restitution fines and also did not state its reasons for not imposing them on the record, the People have waived any objection to their omission. (*People v. Tillman* (2000) 22 Cal.4th 300, 302-303.) Accordingly, we will order the trial court to correct the minutes to set victim restitution to zero and strike all the fines and fees except the $40 court operations assessment and the $30 court facilities assessment.

## III. DISPOSITION

The judgment is modified to impose a $40 court operations assessment pursuant to section 1465.8 and a $30 court facilities assessment pursuant to Government Code section 70373. We direct the trial court to correct the minutes to set victim restitution to zero and strike any probation conditions authorizing flash incarceration or the search of electronic storage devices. The court shall also correct the minutes to strike any fines and fees other than the $40 court operations assessment and the $30 court facilities assessment. The judgment is affirmed as modified. The trial court shall prepare an amended order and forward a copy to the local probation department.

/S/

_____
RENNER, J.

We concur:

/S/

_____
BLEASE, Acting P. J.

/S/

_____
ROBIE, J.

8